IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TUPELO MANUFACTURING CO., INC.** **PLAINTIFF**

V. **CIVIL ACTION NO. 1:05CV114-NBB-SAA**

**COPE INDUSTRIES, INC.;**
**PIEDMONT FURNITURE DESIGNS,**
**YEATTS SERVICES, INC.;**
**JIMMY UNDERWOOD, INDIVIDUALLY;**
**UNDERWOOD ENTERPRISES;**
**AND JUDY HATFIELD, INDIVIDUALLY** **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court upon the motions of defendants Judy Hatfield, Jimmy Underwood, and Cope Industries, Inc., to dismiss for lack of personal jurisdiction. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This case arises from Tupelo Manufacturing Company's allegations of breach of duties of good faith and fair dealing under the Uniform Commercial Code and breach of contract by Cope Industries, Inc. ("Cope"). The plaintiff further alleges civil conspiracy, negligent and/or fraudulent misrepresentation, breach of duties to creditors, and participation in tortious acts by defendants Hatfield, Underwood, and Yeatts. The plaintiff also asserts a claim of equitable estoppel and has requested that the court pierce the corporate veil to reach defendants Hatfield and Underwood individually.

Cope, a supplier of furniture products to interested buyers, was incorporated in the state of North Carolina in February, 2003. Defendant Hatfield is the sole shareholder and vice president of Cope. Defendant Underwood is the president of Cope. Defendant Yeatts is a

corporation owned by defendant Hatfield's brother, and Cope has supplied furniture to Yeatts for further sale to third parties.

A business relationship began between the plaintiff and Cope in the spring of 2004 when a representative of Cope contacted plaintiff to request quotes and furniture samples. Upon Cope's approval of the quotes and samples, Cope placed an order with plaintiff for the manufacture of numerous goods. These goods were manufactured, shipped, and paid in full according to an agreement between the parties. However, the plaintiff now asserts that amounts owed for subsequent orders made by Cope – which were manufactured and shipped according to Cope's specifications – were not paid in full to the plaintiff. The plaintiff also alleges a lack of notice of any change in Cope's financial circumstances, from the time of the first order until November, 2004, which would have served as an explanation for the non-payment.

In a letter dated November 12, 2004, Cope requested different payment terms from its vendors (including plaintiff) which would allow Cope sixty days rather than thirty days to make payment for goods. Cope asserted cash flow problems resulting from the majority of its sales being made to the United States Government. The plaintiff maintains that this letter did not provide reason to believe that the company was financially unstable – only that Cope's cash flow was slower than Cope had anticipated. The plaintiff alleges that it made several demands for payment over the months that followed. Cope did not respond to any of these demands. In March, 2005, the plaintiff received its first notice of a change in Cope's status. A statement mailed by plaintiff was returned by the postal service with a notation that Cope's mailbox had been closed.

The plaintiff initially filed its complaint in the County Court for Lee County, Mississippi, on March 23, 2005. Hatfield filed a notice of removal on April 29, 2005, and the case was

removed to this court. The remaining defendants later joined in the removal. Hatfield, Underwood, and Cope subsequently moved to dismiss for lack of personal jurisdiction pursuant to Rules 12(b)(2) and 12(b)(4) of the Federal Rules of Civil Procedure.

Analysis

Hatfield, Underwood, and Cope move to dismiss alleging that the court lacks personal jurisdiction over them. Cope's motion relies on the argument that the plaintiff has failed to set forth any factual basis for personal jurisdiction over Cope Industries. Hatfield and Underwood assert that the court lacks personal jurisdiction based on the following: both defendants reside outside of the state of Mississippi; neither have sufficient minimum contacts with the state of Mississippi to warrant jurisdiction here; and neither individual maintains personal offices, transacts or engages in business, solicits business, or are parties to contracts to be performed in whole or in part in Mississippi.

*Cope*

Because Cope is a foreign corporation, the court must conduct a two-part analysis to find whether personal jurisdiction exists. First, the court must determine whether the defendant is amenable to suit in Mississippi under the Mississippi long-arm statute. *Horne v. Mobile Area Water & Sewer System*, 897 So.2d 972, 976 (Miss. 2004). Second, the court must determine whether the defendant is amenable to suit based on the existence of sufficient minimum contacts[1]

---

[1] A defendant has "minimum contacts" with a state if "the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Horne v. Mobile Area Water & Sewer System*, 897 So.2d at 979 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

3

between the defendant and the forum state. *Id. See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Mississippi long-arm statute provides, in pertinent part:

> Any nonresident person . . . or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, *who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state*, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2005) (emphasis added).

In its initial complaint, the plaintiff points to the contract prong of the long-arm statute as a basis for jurisdiction and notes that "Cope contracted with Plaintiff for the manufacture of numerous goods, which were manufactured in accordance with Cope purchase orders, shipped and variously received and accepted . . . ." Additionally, the plaintiff has supplied the court with copies of the purchase orders, signed by an agent of Cope. Despite these facts, Cope maintains that the plaintiff has failed to set forth a factual basis for jurisdiction.

In *Allred v. Moore & Peterson*, the Fifth Circuit stated, "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." 117 F.3d 278, 281 (5th Cir. 1997); s*ee also Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th Cir. 1987). This issue may be resolved by "receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allred*, 117 F.3d at 281 (citing *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985)).

After examining these documents, the court finds that the plaintiff has met its burden of establishing a *prima facie* showing that personal jurisdiction exists over Cope Industries, Inc. It is clear that the parties contracted for the purchase and delivery of furniture in the spring of 2004, and the performance of the contract – the manufacturing and exportation of the furniture – occurred in Mississippi. The facts presented place Cope comfortably within the contract prong of the long-arm statute. The court goes on to find that sufficient minimum contacts between Cope and the State of Mississippi do exist. Cope has purposefully directed its activities at residents of this state, and the current litigation arose out of those activities. The court, therefore, assumes personal jurisdiction over Cope. For the foregoing reasons, Cope's motion to dismiss for lack of personal jurisdiction is denied.

*Hatfield and Underwood*

As a preliminary matter, the court will address the plaintiff's assertion that the individual defendants, Hatfield and Underwood, should come under the court's jurisdiction by way of the tort prong of the long-arm statute. The plaintiff has asked this court to find that the non-payment of debts by the defendants has caused injury to the plaintiff's accounts receivable, which are located in Mississippi. This, the plaintiff argues, should allow for personal jurisdiction by way of the tort prong of the long-arm statute.

The court is not persuaded by the plaintiff's argument on this matter. The court finds that the actions or alleged torts committed by defendants Hatfield and Underwood were not performed in their capacity as individuals. To the contrary, all of the actions undertaken by these defendants were performed as officers and/or shareholders of the defendant corporation, Cope. According to basic principles of corporate law, neither can be personally liable absent a showing by the plaintiff that the corporate veil has been pierced. *See Nash Plumbing Inc. v.*

*Shasco Wholesale Supply, Inc.*, 875 So. 2d 1077, 1082 (Miss. 2004) (citing Robert B. Thompson, *Piercing the Corporate Veil: An Empirical Study,* 76 Cornell L. Rev. 1036, 1039 (1991)). The court addresses below why the corporate veil has not been pierced in this case.

Assuming arguendo that the veil has been pierced by the acts of these individual defendants, the court still lacks personal jurisdiction over Hatfield and Underwood. Under the tort prong of the long-arm statute, "a tort occurs when and where the actual injury…takes place, and not at the place of the economic consequences of that injury." *Rittenhouse v. Mabry*, 832 F.2d 1380, 1384 (5th Cir. 1987) (citing *Estate of Portney v. Cessna Aircraft Co.*, 730 F.2d 286, 290 (5th Cir. 1984)). While it is true that the tort does not have to be completed in its entirety in Mississippi, at least some part must be committed in this state. *See, e.g.*, *Waffenschmidt v. Mackay,* 763 F.2d 711, 720 (5th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S. Ct. 794, 88 L. Ed. 2d 771 (1986); *Western Chain Co. v. Brownlee,* 317 So. 2d 418, 421 (Miss.1975); *Smith v. Temco,* 252 So. 2d 212, 216 (Miss.1971). In the case at bar, the injury flowing from the alleged tort occurred in North Carolina – the location of non-payment – and not in Mississippi. The alleged economic damages may have occurred in Mississippi, but the location of the injury – not the damages flowing therefrom – is the test for personal jurisdiction in this state. For the foregoing reasons, the plaintiff's assertion that personal jurisdiction is established over Hatfield and Underwood under the tort prong of the Mississippi long-arm statute is incorrect.

*Piercing the Corporate Veil*

Defendants Hatfield and Underwood are residents of Oklahoma and North Carolina, respectively. Neither defendant meets any of the three prongs of the Mississippi long-arm statute to bring them within the jurisdictional reach of this court. *See* Miss. Code Ann. 13-3-57 (2005). Neither has *personally* availed him/herself to the state of Mississippi, and the mere fact that

these defendants are officers and/or shareholders in an allegedly defaulting corporation does not bring them personally within the jurisdiction of this court. While it is unclear whether the plaintiff maintains its initial argument that the corporate veil should be pierced, an analysis on this matter seems appropriate as it is the plaintiff's last available means to bring defendants Hatfield and Underwood within the jurisdiction of the court.

In Mississippi[2], the veil may be pierced when "separate personalities of the corporation and the shareholder no longer exist, and adherence to the fiction of separate corporate existence would, under the circumstances, sanction a fraud or promote injustice . . . ." *A&L, Inc. v. Grantham*, 747 So. 2d 832, 843 (Miss. 1999) (citing *T.C.L., Inc. v. Lacoste,* 431 So. 2d 918, 922 (Miss. 1983)). However, "courts do not take piercing of the corporate veil lightly because of the chilling effect it has on corporate risk-taking." *Nash Plumbing, Inc. v. Shasco Wholesale, Inc.*, 875 So. 2d. 1077, 1082 (Miss. 2004). As such, piercing the veil is regarded as an extraordinary remedy, and is one that is to be exercised with great caution. *See, e.g., King's Daughters and Sons Circle Number Two of Greenville v. Delta Regional Medical Center*, 856 So. 2d 600 (Miss. App. 2003).

While the court agrees that piercing the veil, when appropriate, is a means to bring otherwise unreachable defendants within the court's personal jurisdiction, it is not a remedy that the court is prepared to exercise in this case. It is the court's determination that the drastic

---

[2]"Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation." Zurich American Ins. Co. v. Goodwin, 920 So. 2d 427, 432 (Miss. 2006) (citing Boardman v. United Servs. Auto. Ass'n, 470 So. 2d 1024, 1038 (Miss. 1985)). Notwithstanding North Carolina's interest in the litigation, a comparison of North Carolina law and Mississippi law regarding the issue at hand reveals that application of either in the present case will render the same result. In the context of the present case, no true conflict exists between the laws of these two states, and choice of law analysis is, therefore, unnecessary.

nature of piercing the veil is to be reserved for the most egregious cases of fraud and wrongdoing by corporate officers and directors. In this case, however, the court finds nothing in the record to indicate the type of fraud, malfeasance, or wrongdoing necessary to employ the doctrine of piercing the corporate veil.

For the foregoing reasons, the court finds that defendants Hatfield and Underwood are not proper parties to the present case. Hatfield and Underwood's motions to dismiss are well-taken and shall be granted.

## Conclusion

For the foregoing reasons, the court finds that defendant Cope's motion to dismiss should be denied, and defendants Hatfield and Underwood's motions to dismiss should be granted. An order in accordance with this opinion shall issue simultaneously herewith.

This, the 6th day of April, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**