IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TUPELO MANUFACTURING CO., INC.                                      PLAINTIFF

V.                                                                                              CIVIL ACTION NO. 1:05CV114-B-D

COPE INDUSTRIES, INC.,
LB VENTURES, LLC, d/b/a PIEDMONT
FURNITURE DESIGNS                                                   DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon defendant LB Ventures' motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Tupelo Manufacturing Company, brought this action alleging, *inter alia*, breach of duties of good faith and fair dealing and breach of contract. The plaintiff seeks payment allegedly due from defendant Cope Industries, Inc., for goods ordered by Cope from the plaintiff for which the plaintiff was never paid. The plaintiff alleges that it entered into a contractual relationship with Cope and that Cope subsequently breached the contract. The plaintiff initially sued Cope and its former officers, Jimmy Underwood and Judy Hatfield, as well as Yeatts Services, Inc., a corporation owned by Hatfield's brother which sells furniture to the government for use in the United States Military. Cope supplied furniture to Yeatts for further sale.

The plaintiff amended its complaint in October 2005 in order to sue LB Ventures d/b/a Piedmont Furniture Designs. The plaintiff alleges that LB Ventures is the successor corporation

of Cope. LB Ventures has moved to dismiss for lack of jurisdiction. This court has previously granted the individual defendants' motions to dismiss and has denied Cope's motion to dismiss.

Analysis

The plaintiff asserts that defendant LB Ventures is the same company as Cope in all respects except name and that LB Ventures should be held liable for the debts and alleged wrongdoings of Cope. LB Ventures denies its status as Cope's successor corporation.

"The general rule has been that a corporation which acquires all of the assets, but no stock, of another corporation does not also acquire the debts and liabilities of the original." *Chaney v. Columbus McKinnon Corp.*, No. 2:03CV214, 2006 WL 721309, at *4 (N.D. Miss. Mar. 15, 2006); *Paradise Corp. v. Amerihost Development, Inc.*, 848 So. 2d 177, 179 (Miss. 2003); *Huff v. Shopsmith, Inc.*, 786 So. 2d 383, 388-89 (Miss. 2001). Mississippi law[1] provides for four exceptions to this rule: "(1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction was fraudulent." *Paradise Corp.*, 848 So. 2d at 179.

The plaintiff relies on the affidavit of Mary C. Werner, Vice President and Secretary of Tupelo Manufacturing, to support its argument that LB Ventures fits each of the exceptions

---

[1]"Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation." *Zurich American Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (Miss. 2006) (citing *Boardman v. United Servs. Auto. Ass'n*, 470 So. 2d 1024, 1038 (Miss. 1985)). Notwithstanding North Carolina's interest in the litigation, a comparison of North Carolina law and Mississippi law regarding the issue at hand reveals that application of either in the present case will render the same result. *See, e.g.*, *Becker v. Graber Builders, Inc.*, 561 S.E.2d 905 (N.C. App. 2002) (outlining virtually identical exceptions to the general rule against successor liability as those set forth by the Mississippi Supreme Court in *Paradise Corp. v. Amerihost Development, Inc.*, 848 So. 2d 177, 179 (Miss. 2003)). In the context of the present case, no true conflict exists between the laws of these two states, and choice of law analysis is, therefore, unnecessary.

outlined above. LB Ventures argues, however, that Werner's affidavit is comprised of self-serving statements and conclusory allegations.

The first exception is inapplicable in this case. Despite the plaintiff's assertions to the contrary, no evidence has been shown that LB Ventures expressly or impliedly agreed to assume the liabilities of Cope.

The plaintiff also argues that a de facto merger resulted from a transfer of assets from Cope to LB Ventures. The court is unpersuaded. The plaintiff supports its argument with Mary Werner's affidavit. The court agrees with the defendant, however, that the claims in Werner's affidavit are not facts observed by her but are instead simply self-serving, conclusory presumptions made from her review of various documents.

"A de facto merger exists when there is a continuity of management, personnel, assets and operations; a continuity of shareholders; the predecessor dissolves shortly thereafter; and the successor assumes the predecessor's obligations." *Huff*, 786 So. 2d at 388. First, Michael Llewellyn, a member of LB Ventures, had no ownership interest in Cope; yet he is the only individual person (along with the Small Business Administration and the Bank of Stanley, North Carolina) who is responsible for the financial liabilities of LB Ventures. Second, eighty percent of the employees of LB Ventures were not employees of Cope. Third, LB Ventures did not assume Cope's obligations. Finally, Cope did not dissolve. For these reasons, a de facto merger does not exist.

Regarding the "mere continuation" theory, the general rule is "that a corporation is not to be considered a continuation of a predecessor unless, after the transfer of assets, only one corporation remains, and there is an identity of stock, shareholders, and directors between the

3

two corporations." *Paradise Corp.*, 848 So. 2d at 180 (citing *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174-75 (5th Cir. 1985)). The court finds that LB Ventures is not a "mere continuation" of Cope.

Finally, the plaintiff alleges that LB Ventures defrauded creditors such as Tupelo Manufacturing. The court finds, however, that no facts have been set forth showing that LB Ventures has perpetrated any fraud in this matter.

<u>Conclusion</u>

For the foregoing reasons, the court finds that LB Ventures is not subject to the jurisdiction of this court and should, therefore, be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 11th day of May, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**